UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GLORIA FRADE | § | |
| | § | |
| VS. | § | |
| | § | |
| AEP TEXAS INC., D/B/A AEP, | § | CIVIL ACTION NO: _____ |
| AEP TEXAS CAPITAL, LLC, | § | JURY DEMANDED |
| AMERICAN ELECTRIC POWER | § | |
| SERVICE CORPORATION, | § | |
| AEP, LTD, AND AMERICAN | § | |
| ELECTRIC POWER CO. | § | |

**DEFENDANTS AEP TEXAS INC., D/B/A AEP and AMERICAN ELECTRIC POWER SERVICE CORPORATION'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME AEP TEXAS INC., D/B/A AEP and AMERICAN ELECTRIC POWER SERVICE CORPORATION and respectfully submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**I.   BACKGROUND**

1. This is a suit for property damages brought by Plaintiff after she suffered a fire at her home on or about May 19, 2021. Plaintiff alleges that the fire began two days after Defendants serviced the electrical line that provided service to her home. Plaintiff further alleges that Defendants' repair and replacement of the line was done negligently and/or recklessly, and that such had resulted in the fire and Plaintiff's damages.

2. Plaintiff filed her Original Petition in County Court at Law No. 9 of Hidalgo County, Texas on May 11, 2023 and filed her Amended Petition on May 16th. Defendants received notice of this lawsuit on May 15, 2023. They filed their Original Answer on June

5, 2023 and their First Amended Answer on June 6, 2023. Thus, Defendants' Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

## II.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.     This action is removable under 28 U.S.C. § 1332 because the properly joined parties are diverse. Plaintiff resides in Hidalgo County, Texas. (Pltf's First Am. Pet. ¶ 2.2). The only defendants properly joined in this lawsuit for purposes of establishing diversity jurisdiction are Defendants AEP Texas Inc. d/b/a AEP and American Electric Power Service Corporation.[1] AEP Texas Inc. d/b/a AEP is a Delaware Corporation with its principal place of business in Ohio. Defendant American Electric Power Service Corporation is a New York Corporation whose principal place of business is also in Ohio. AEP Texas Inc. is the owner of the electrical lines and equipment, and provider of the services made a basis of this lawsuit.

4.     Although non-diverse Defendants AEP Texas Capital, LLC and AEP Ltd. have also been named in this lawsuit, their citizenship should be disregarded for purposes of establishing diversity jurisdiction because they have been improperly joined. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc); *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006). Improper joinder is established by the "inability of the plaintiff to establish a cause of action against the non-diverse party in a state court." *Smallwood*, 385 F.3d at 573. A party is improperly joined when "there is no possibility of recovery by the plaintiff against an in-state defendant,

---

[1] AEP Defendants' First Amended Answer asserts that American Electric Power Service Corporation is not a proper party to this lawsuit because it does not own, operate, or maintain the electrical lines and equipment at issue, nor provided the service about which Plaintiff complains. (AEP's 1st Am. Answer at ¶3). However, because it is diverse, American Electric Power Service Corporation's citizenship need not be disregarded for purposes of diversity jurisdiction and removal.

2

which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

5. "Under the improper joinder doctrine, a court should disregard the citizenship of non-diverse defendants where 'there is no reasonable basis for predicting that the plaintiff might establish liability . . . against the in-state defendant[s].'" *Flagg v. Stryker Corp.*, 819 F.3d 132, 141 (5th Cir. 2016) (*citing Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000); *Smallwood*, 385 F.3d at 573. The possibility of recovery against a non-diverse defendant is examined at the time of removal. *See Flagg,* 819 F.3d at 137. Where a plaintiff has "stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood,* 385 F.3d at 573.

**A.   Plaintiff has no possibility of recovery against Defendant "American Electric Power, Co."**

6. Plaintiff joined "American Electric Power, Co." solely to defeat jurisdiction. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Plaintiff's petition alleges that "American Electric Power, Co., is a Texas corporation conducting business in the State of Texas and servicing Hidalgo County." (Plt's 1st Am. Pet. at ¶ 2.6). However, while commonly used to refer to AEP companies, "American Electric Power, Co." does not exist as a legal entity. (AEP's 1st Am. Answer at ¶4). The correct entity name is American Electric Power Co., Inc., an Ohio Corporation. (See Exhibit 1, Unsworn Declaration of Robert H. Lesesne).

7. The proper party to this lawsuit and the party that owns the equipment and provides the services Plaintiff alleges is related to the incident is AEP Texas Inc., which has already been named a Defendant. American Electric Power Co., a Texas Corporation,

3

does not exist and Plaintiff has no possibility of recovery against it; therefore, its alleged citizenship should be disregarded.

> **B.    Plaintiff has no possibility of recovery against Defendants AEP Texas Capital, LLC or Defendant AEP Ltd.**

8.    Plaintiff similarly joined AEP Texas Capital, LLC and AEP, Ltd. to defeat diversity jurisdiction. Plaintiff's petition alleges that both entities are Texas corporations that conduct business in the State of Texas and service Hidalgo County. (Plt's 1st Am. Pet. at ¶¶ 2.3 and 2.5). However, Plaintiffs have no possibility of recovery against either defendant because both entities were improperly joined.

9.    Improper joinder may consist of the failure to allege a factual basis for an element of the plaintiff's claim against the non-diverse defendant. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000) (stating that plaintiffs did not "allege any facts which could reasonably demonstrate they have an independent or a derivative cause of action"). In her petition, Plaintiff alleged no facts involving AEP Texas Capital, LLC or AEP, Ltd. Plaintiff additionally did not plead any duty owed to her by either defendant individually. Plaintiff did not plead any acts or omissions attributable either AEP Texas Capital, LLC or AEP, Ltd., nor did she allege the elements of any cause of action against either individually.

10.    Importantly, neither entity was involved with the services provided by AEP Texas Inc. to Plaintiff. Furthermore, neither AEP Texas Capital, LLC nor AEP, Ltd. have any relation to AEP Texas, Inc. or American Electric Power Service Corporation. (See Exhibit 1, Unsworn Declaration of Robert H. Lesesne). Thus, Plaintiff has no possibility of establishing a cause of action against AEP Texas Capital, LLC or AEP, Ltd. As such, each Defendant's citizenship should also be disregarded for purposes of diversity jurisdiction.

4

### III.   AMOUNT IN CONTROVERSY AND VENUE

11. Plaintiff has pled damages in excess of the statutory minimum of $75,000.00 for purposes of diversity jurisdiction. 28 U.S.C. §§ 1332(a) and 1441(b). Accordingly, Plaintiff seeks monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. (Plt's 1st Am. Pet. at ¶ 1.2).

12. Venue for this removal is proper under 28 U.S.C. § 1441(b) because this Court is the United States District Court for the district and division corresponding to Hidalgo County, Texas, the place where the state court action is pending.

### IV.   CONSENT

13. A defendant can remove without the consent of a defendant who should be disregarded on the doctrine of fraudulent joinder. *Jernigan v. Ashland Oil Co.*, 989 F.2d 813, 815 (5th Cir. 1993). Therefore, consent from the improperly joined Defendants AEP Texas Capital, LLC and AEP, Ltd. is not required for the removal.

### V.   JURY DEMAND

14. Defendants requested a trial by jury. (AEP's 1st Am. Answer at ¶ 18).

### VI.   PAPERS FROM THE REMOVED ACTION

15. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:

Exhibit 1:   Unsworn Declaration of Robert H. Lesesne

Exhibit 2:   All executed process in the case;

Exhibit 3:   Pleadings asserting causes of action and all answers to such pleadings;

Exhibit 4:   The docket sheet;

Exhibit 5:   An index of matters being filed; and

Exhibit 6:   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

16.   Defendants have served all parties with a copy of this Notice of Removal and forwarded it for filing with the Clerk of the District Court of Hidalgo County, Texas, Cause No. CL-23-1950-I; *Gloria Frade v. AEP Texas, Inc., d/b/a AEP, AEP Texas Capital, LLC, American Electric Power Service Corporation, AEP Ltd., and American Electric Power, Co.;* in County Court at Law No. 9 of Hidalgo County, Texas, in accordance with 28 U.S.C. § 1446(d).

## VII.   CONCLUSION

17.   In accordance with 28 U.S.C. § 1441, AEP Texas Inc. may properly remove the state court action to this Court because: (1) it is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division; (2) the properly joined parties, Plaintiff Gloria Frade and Defendants AEP Texas Inc. d/b/a AEP and American Electric Power Service Corporation are from different states; and (3) exclusive of interest and costs, the amount in controversy exceeds $75,000.00.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 West Pike Blvd., Suite 300
Weslaco, TX  78596
(956) 968-5402
(956) 969-9402 – Fax


By:    /s/ Robert L. Galligan
      ROBERT L. GALLIGAN
      State Bar No.: 07590500
      bgalligan@jgkl.com
      LANCE A. KIRBY
      State Bar No.: 00794096
      lakirby@jgkl.com

*Attorneys for Defendants, AEP Texas Inc. d/b/a AEP, American Electric Power Service Corporation and American Electric Power Co.*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2023, a copy of the foregoing was electronically filed using the CM/ECF system, which will automatically serve a Notice of Filing on the following attorneys:

Jason Palker
Palker Law Firm, PLLC
4428 S. McColl Rd.
Edinburg, Texas 78539


      /s/ Robert L. Galligan
      ROBERT L. GALLIGAN

7